[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2007
THOMAS K. KAHN
CLERK

No. 06-14925
Non-Argument Calendar

_____

D. C. Docket No. 06-00025-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLDEMAR EDMUNDO ROLDAN-SAMUDIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2007)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Oldemar Edmundo Roldan-Samudio appeals his two concurrent 135-month sentences for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Roldan-Samudio argues that the district court clearly erred in denying a minor-role reduction and that his sentence is unreasonable. For the reasons set forth more fully below, we affirm.

Roldan-Samudio and seven codefendants were indicted on the above-mentioned charges, to which Roldan-Samudio pled guilty. According to the presentence investigation report ("PSI"), on January 12, 2006, the U.S. Coast Guard obtained permission to board and search a Panamanian commercial freighter, ultimately finding 50 bales of cocaine, which weighed 1,134 kilograms. Roldan-Samudio was identified as the second engineer, and the other seven codefendants held the following positions: captain, chief engineer, first and second officers, deck seaman, machinist, and cook. The freighter's route took it from Spain, to Trinidad, to the Dominican Republic, to Guyana, and to Haiti. In the

2

early morning hours of January 12, 2006, the entire crew participated in the transfer of the 50 bales of cocaine from a go-fast vessel off the coast of Venezuela. Roldan-Samudio was held accountable for 1,134 kilograms of cocaine at sentencing.

Roldan-Samudio argued that he should receive a minor-role adjustment based on the circumstances surrounding his participation in the voyage, contending that he did not learn of the illegal purpose of the voyage until the ship left port and was threatened when he tried to leave the ship. Roldan-Samudio further argued that this was his first voyage and he was there as a trainee, he did not have any real leadership role, and he did nothing of any great relevance concerning the drug voyage. The district court overruled Roldan-Samudio's objection, relying on Roldan-Samudio's accountability for 1,134 kilograms of cocaine and the lack of evidence that Roldan-Samudio was less culpable than any of the other crew members. His resulting Guideline range was 135-168 months' imprisonment.

After hearing arguments concerning a reasonable sentence, the district court found that Roldan-Samudio embarked on a major drug venture and that nothing in the statutory factors warranted a variance from the advisory Guidelines. Noting that it gave an enhancement to the captain and downward departures based on the government's motion to two other defendants, the court found no reason to treat

Roldan-Samudio differently than any of the remaining defendants in this case who had received 135-month sentences. Accordingly, the court imposed a 135-month sentence.

## I. Mitigating-role reduction

On appeal, Roldan-Samudio asserts that the district court clearly erred in denying a minor-role reduction because he was tricked into going on the voyage and lacked a leadership role or a role in planning the criminal scheme.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The Guidelines provide for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2(b). Section 3B1.2 permits an adjustment to the Guideline range for a defendant who is substantially less culpable than the average participant. Id. § 3B1.2, comment. (n.3). A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. Id. § 3B1.2, comment. (n.5). "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

In determining a defendant's mitigating role in the offense, the district court

first "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing" and, second, "may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." De Varon, 175 F.3d at 945. As to the second prong, "the district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. at 944. Moreover, relative culpability is not necessarily dispositive, as none of the participants may have played a minor or minimal role. Id. Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important or essential role in that crime. See id. at 942-43. We have provided a non-exhaustive list of examples of relevant factual considerations informing the ultimate finding of the defendant's role in the offense: the "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945.

Roldan-Samudio's actual and relevant conduct were one and the same. He was held accountable only for the 1,134 kilograms of cocaine aboard the vessel, which he and the rest of the crew transferred from the go-fast boat onto the ship. Despite his claim that he was tricked into going on the voyage and lacked a

5

planning or leadership role, Roldan-Samudio provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of the other crew members. Thus, Roldan-Samudio failed to show that he was less culpable than most other participants. U.S.S.G. § 3B1.2, comment. (n.5); De Varon, 175 F.3d at 944. Accordingly, we hold that the district court did not clearly err in denying a minor-role adjustment.

## II. Reasonableness of Sentence

Roldan-Samudio contends that his sentence is unreasonable, relying on his positive history and characteristics, the circumstances surrounding his participation in the voyage, and the shorter sentences received by two of his codefendants, including the Chief Engineer, who outranked him.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our review for reasonableness is deferential. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). We consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

6

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

The district court noted Roldan-Samudio's participation in a major drug venture and, rather than comparing him to his two codefendants who received downward departures based on the government's § 5K1.1 motion, found that he should be treated the same as the codefendants who received 135-month sentences. Roldan-Samudio's offenses carried a statutory maximum term of life imprisonment. 46 U.S.C. app. § 1903(g)(1) (repealed 2006);  21 U.S.C.

7

§ 960(b)(1)(B)(ii).  We hold that the district court's 135-month sentence, which was at the low end of the advisory Guideline range, significantly below the applicable statutory maximum term of life imprisonment, and was the same sentence imposed on Roldan-Samudio's codefendants who were not beneficiaries of a downward departure, was reasonable.  Cf. Thomas, 446 F.3d at 1356-58 (rejecting the argument that the defendant's 121-month sentence was unreasonable when compared to his co-conspirators' significantly lower sentences, as it was "well within the bounds of reasonableness" for the district court to find that the defendant was a leader or organizer and, therefore, impose a lengthier sentence).

In light of the foregoing, we

**AFFIRM.**